

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Charles H. Theobald
County Attorney
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. O-6981

Re: May the Commissioners' Court
allow parts of a building ac-
quired by the County for a
County Health Unit and to
which Federal funds were con-
tributed for the purchase
thereof to be used from time
to time by fraternal orders,
labor unions, etc., with or
without rent?

In your letter of December 8, 1945, submitting the above question
to this department for an opinion, you state that the property in
question was acquired for the purpose of establishing a County
Health Unit, at a cost to the county, including improvements, in
the sum of $13,000.00. Of this amount, you point out that
$4,000.00 was contributed through the Federal Works Agency to be
used for no other purpose than the purchase price of the building.

Under the foregoing facts, it is somewhat doubtful that this
grant by the Federal Government extends beyond the mere acquiring
of such property and its devotion by the county to county health
unit purposes. We need not determine the effect of this grant
alone upon the question of the authority of the Commissioners'
Court as to the question propounded.

It is our understanding that such county health units are initi-
ated and fostered through a program by the State Health Depart-
ment. We are advised by this department that the Galveston
County Health Unit came into existence by virtue of an arrangement
between the department and the county, whereby adequate quarters
for housing the unit would be furnished by the latter.

The facts set forth do establish beyond question that the county,
in co-operation with the State Health Department and Federal
Government, acquired such property for the purpose of maintaining
a county health unit, serving the entire county. Such services

and agencies are clearly performing governmental and public functions. Arts. 4418a, 4418d, 4418e, 4418f, 4419-20; Dancy v. Davidson, 183 S.W. (2d) 195, (writ refused).

In the Dancy case above referred to, the Court, after citing the powers of the Commissioners' Court as expressed in the Constitution, Article V, Section 18, and Article 2351, Section 7, stated:

> "By the term 'public building' as used in the statute is meant a building used primarily for public or governmental purposes, that is, to house public or governmental agencies. . . . The Commissioners' Court is the legal body authorized under the statute to determine whether or not a 'public building' is 'necessary', and its decision relating thereto cannot be disturbed by this court, except upon a showing of an abuse of discretion."

The question of the control and use of a "public building" of the county was presented with relation to the courthouse in Dodson v. Marshall, 118 S.W. (2d) 621, and also in Anderson v. Wood, 152 S.W. (2d) 1087. We think these cases are authority on the proposition that the Commissioners' Court has implied authority to exercise a broad discretion in the control and use of a public building belonging to the county in the absence of some statutory authority, expressed or implied, vesting control in some other official body or agency. We are unable to find or determine any act of relinquishment of such control by the Commissioners' Court of Galveston County from the information furnished us or from that obtained through the State Department of Health.

It is therefore the opinion of this department that the Commissioners' Court of Galveston County, being vested with the control and use of the public building housing the County Health Unit, has the authority to determine whether the whole or any part thereof is necessary to the operation and carrying on of the County Health Unit program. Whether any part of such public building is necessary and its use with or without rent from time to time by private organizations, is a matter for the exercise of sound discretion by the Commissioners' Court. Any such action by the court which would materially interfere with the use of the building for the County Health Unit purposes would be subject to judicial review.

We wish to thank you for the additional information you furnished in reply to our letter of January 21, 1946. Such information has been fully considered in writing this opinion.

                              Yours very truly,

                              ATTORNEY GENERAL OF TEXAS

                              s/ Wm. J.R. King

                              By
                                        Wm. J. R. King
                                          Assistant

WJRK:ddt/cge


APPROVED MARCH 13, 1946
s/ Carlos C. Ashley
FIRST ASSISTANT ATTORNEY GENERAL


This opinion considered and approved in limited conference.